**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

21-CR-20239-Cooke

Case No. _____

21 U.S.C. § 846
21 U.S.C. § 853

FILED BY ___ D.C.

APR 20 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

**vs.**

**KERRY SCOTT LANE,**

**Defendant.**

_____/

## INFORMATION

The Acting United States Attorney charges that:

### Conspiracy to Distribute and Dispense Controlled Substances
### (21 U.S.C. § 846)

From in or around October 2019, through in or around September 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**KERRY SCOTT LANE,**

knowingly and willfully combined, conspired, and agreed with Habib Palacios and others, known and unknown to the Acting United States Attorney, to distribute and dispense controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## FORFEITURE
### (21 U.S.C. § 853)

1.      The allegations in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **KERRY SCOTT LANE**, has an interest.

2.      Upon a conviction of a violation of Title 21, United States Code, Section 846, as alleged in this Information, the defendant shall forfeit to the United States all property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, pursuant to Title 21, United States Code, Section 853.

3.      The property subject to forfeiture includes, but is not limited to, a sum of approximately $350,210 in United States currency, which represents the gross proceeds of the offense in the violation of Title 21, United States Code, Section 846 alleged in this Information and which may be sought as a forfeiture money judgment.

4.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

2

the United States shall be entitled to the forfeiture of substitute property under the provisions of

Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

ROBERT F. MOORE
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

DANIEL KAHN
ACTING CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KERRY SCOTT LANE,

_____ Defendant. _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | Yes | No |
|---|---|---|
| New defendant(s) | _____ | _____ |
| Number of new defendants | _____ | |
| Total number of counts | _____ | |

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| ✓ Miami | _____ | Key West | _____ |
| _____ FTL | _____ | WPB | _____ FTP |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     No _____
   List language and/or dialect     _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

(Check only one)

| | | | |
|---|---|---|---|
| I | 0 to 5 days | ✓ | |
| II | 6 to 10 days | | |
| III | 11 to 20 days | | |
| IV | 21 to 60 days | | |
| V | 61 days and over | | |

(Check only one)

| | |
|---|---|
| Petty | _____ |
| Minor | _____ |
| Misdem. | _____ |
| Felony | ✓ |

6. Has this case previously been filed in this District Court?     (Yes or No)     No _____
   If yes: Judge _____     Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     No _____
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)     No _____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes _____     No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes _____     No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     Yes _____     No ✓

10. Did this matter originate from a matter pending in the Southern Region of the United States Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)     Yes ☐     No ☑

*Penalty Sheet(s) attached

_____
ROBERT F. MOORE
FLORIDA COURT NO. A5502488
ASSISTANT UNITED STATES ATTORNEY

REV 3/31/2021

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** <u>KERRY SCOTT LANE</u>

**Case No:** _____

Count #: 1

Conspiracy to Dispense and Distribute Controlled Substances

Title 21, United States Code, Section 846

**\*Max. Penalty:**      20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Kerry Scott Lane, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Jonathan Meltz
*Printed name of defendant's attorney*

_____
*Judge's signature*

JACQUELINE BECERRA U.S. Magistrate Judge
*Judge's printed name and title*